IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| EXDS, INC. (f/k/a EXODUS COMMUNICATIONS, INC.), et al.,<br><br>　　　　Debtor,<br>_____<br>EXDS, INC. (f/k/a EXODUS COMMUNICATIONS, INC.),<br><br>　　　　Plaintiff,<br><br>　v.<br><br>CB RICHARDS ELLIS, INC. (a/k/a CB COMMERCIAL REAL ESTATE GROUP, a/k/a INSIGNIA/ESG, INC., n/k/a CB RICHARD ELLIS REAL ESTATE SERVICES, INC.), HIGHGATE HOLDINGS, INC.,<br><br>　　　　Defendant. | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)   Civil Action No. 06-400-KAJ<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) |

## MEMORANDUM ORDER

**I.      INTRODUCTION**

Before me is a Motion to Withdraw the Reference to the Bankruptcy Court filed by CB RICHARD ELLIS, INC. ("CBRE") (Docket Item ["D.I"] 1; the "Motion"). The EXDS estate ("EXDS") has not made an objection to Motion and takes the position that, because the demanded jury trial must ultimately be held in this Court, immediate withdrawal is appropriate. (D.I. 2 at 1.) Jurisdiction is appropriate under 28 U.S.C. § 1334(a). For the reasons that follow, CBRE's Motion to Withdraw the Reference to the Bankruptcy Court is denied at this time.

## II. BACKGROUND

On or about September 26, 2001 the Debtor, EXDS, filed a petition for relief under chapter 11 of title 11 of the United States Code. (D.I. 2 at 1.) The effective date of the joint plan of reorganization of the Debtor was June 19, 2002. (*Id* at 1.) On September 25, 2003, EXDS filed a complaint, based on breach of contract and state law causes of action, seeking recovery of a portion of a brokerage commission that CBRE earned upon an EXDS lease. (*Id* at 2.) EXDS, CBRE, and Highgate Holdings, Inc. each have demanded a jury trial. (*Id.*) The parties have been and continue to be engaged in discovery. (*Id.*) On January 20, 2006, EXDS filed its First Amended Complaint against CBRE and Highgate. (*Id.*) On March 15, 2006, CBRE filed the Motion at issue here. (D.I. 2 at 1.) In response, EXDS agrees that, because the demanded jury trial must ultimately be held in this Court, withdrawal is appropriate. (D.I. 3 at 2.)

## III. DISCUSSION

A motion to withdraw the reference is a decision left to the discretion of the district court. "The district court may withdraw, in whole or in part, any case or proceeding referred under this section, on its own motion or on timely motion of any party, for cause shown." 28 U.S.C. § 157. This permissive standard allows the court to withdraw the reference, provided that the movant meets its burden of showing "cause" for the withdrawal. *NDE Corp. V. Handl-It, Inc.*, 203 B.R. 905, 907 (D.Del. 1996). A showing of "cause" is the product of balancing several factors.

The assertion of a right to a jury trial is one factor used to determine whether "cause" exists. *Id*. At 907-908. However, "[a] Defendant's right to a jury trial ... will not be adversely affected by having the Bankruptcy court preside over pretrial matters until the case is ready to be tried in the District Court." *Wakefern Food Corp. v. C & S Wholesale Grocers, Inc. In re Big V Holding Corp.*, No. 00-04372, 01-758, 01-233, 2002 WL 1482392, at *6 (D. Del. 2002). Other districts in the Third Circuit have made similar findings. *See General Electric Capital Corporation v. Teo*, No. 01-CV-1686, 2001 WL 1715777, *5 (D.N.J. 2001) ("There is no reason why the Bankruptcy Court may not preside over an adversary proceeding and adjudicate discovery disputes and motions only until such time as the case is ready for trial.").

The Third Circuit has stated that the following factors should be considered in determining if sufficient "cause" exists to order withdrawal: "the goals promoting uniformity in bankruptcy administration, reducing forum shopping and confusion, fostering the economical use of debtors' and creditors' resources, and expediting the bankruptcy process." *In re Pruit*, 910 F.2d 1160, 1168 (3d Cir. 1990). The above factors are not exhaustive, however; they represent certain minimum standards. *NDEP Corp.*, 203 B.R. at 908. Relevant considerations may also include judicial economy and whether the proceedings involve core or non-core issues. *Hatzel & Buehler inc. v. Orange & Rockland Util., Inc.*, 107 B.R. 34, 39 (D. Del 1989). Judicial economy is an especially important consideration. *See Wakefern Food Corp.*, 2002 WL 1482392, at *4 (denying defendant's motion to withdraw the reference, in part because of the bankruptcy court's familiarity with the facts and legal issues of the case when it found

there was no reason to disturb the present course of the proceedings and denied defendant's motion to withdraw); *General Electric Capital Corporation, 2001 WL 1715777, at *5* (ruling that removal of the proceedings pre-discovery was unwarranted and noting the bankruptcy court's familiarity with the facts of the case and the resources available to that court).

CBRE argues that the assertion of its right to a jury trial, coupled with the bankruptcy court's lack of authority under 28 U.S.C. §157(e) to conduct such a trial, requires withdrawal to the district court. (D.I. 2 at 8.) Although withdrawal would be proper at some future point, logic and the case law in this district, as noted, shows CBRE's right to a jury trial will not be affected by the Bankruptcy Court conducting the pretrial proceedings.

Although CBRE claims that judicial economy is best served by the immediate removal of the proceedings, the contrary is true. (*Id*. at 6.) CBRE's Motion can be better addressed if and when the case is ready to proceed at trail. The First Amended Complaint against CBRE was filed in the Bankruptcy Court six months ago. The original complaint dates back almost three years. As in *Wakefern* and *General Electric*, the Bankruptcy Court here has had significant time to familiarize itself with the underlying facts of this case and the parties' ongoing discovery. Further, the Bankruptcy Court has the necessary resources to preside over the initial stages of these proceedings in an efficient and effective manner. CBRE has not provided any persuasive reason why this case requires immediate removal to this court.

V.    **CONCLUSION**

Accordingly, IT IS HEREBY ORDERED that the Motion is DENIED, without prejudice to CBRE's right to renew the Motion at the conclusion of pre-trial proceedings.

_____
UNITED STATES DISTRICT JUDGE

Wilmington, Delaware
July, 20 2006